**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 6, 2015

LETTER TO COUNSEL

      RE:    *Dawndra Anntoinette Powell v. Commissioner, Social Security Administration*;
             Civil No. SAG-14-3233

Dear Counsel:

      Plaintiff Dawndra Powell, who proceeds *pro se*, filed this action seeking review of the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. After considering the Commissioner's Motion for Summary Judgment, on June 12, 2015, I determined that the Commissioner's decision was not supported by substantial evidence. I thus denied the Commissioner's Motion for Summary Judgment, reversed the Commissioner's decision in part, and remanded the case to the Commissioner for further consideration. [ECF No. 22]. Now pending before the Court is the Commissioner's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). [ECF No. 23]. Rule 59(e), which applies to "final judgments," provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991); Fed. R. Civ. P. 59(e). A Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Because none of those conditions is present, the Commissioner's motion is denied.

      The Commissioner contends that the Court's interpretation of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), is a "clear error of law." Def.'s Mot. 2. Specifically, the Commissioner takes issue with the Court's statement that "[b]efore *Mascio*, an ALJ's determination that a claimant had a moderate limitation, as opposed to a mild limitation or no limitation, had no meaningful significance." However, the Commissioner's contention takes the Court's statement out of context. To understand why, prior to *Mascio*, at step three of the sequential evaluation there was no meaningful significance between an ALJ determining that a claimant suffers from mild, moderate, or no difficulties in concentration, persistence, or pace, some background is necessary.

      At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt.

*Dawndra A. Powell v. Commissioner, Social Security Administration*
Civil No. SAG-14-3233
August 6, 2015
Page 2

404, Subpt. P, App. 1 § 12.00. Each listing therein,[1] consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function." *Id.* § 12.00(C).

Thus, to the extent that an ALJ determined that a claimant suffered from any category less than marked limitations in any broad functional area, that area could not serve as a basis for concluding that the claimant satisfies the paragraph B criteria. Moreover, whether a claimant suffered from mild, moderate, or no difficulties in the area of concentration, persistence, or pace had no additional implication at any subsequent steps in the sequential evaluation. Accordingly, prior to *Mascio*, there was no meaningful significance, at step three of the sequential evaluation, in determining that a claimant suffered from moderate, as opposed to mild or no, limitations in concentration, persistence, or pace. By contrast, under *Mascio*, a step three determination that a claimant suffers moderate difficulties in concentration, persistence, or pace now triggers a heightened degree of explanation that requires the reviewing court to determine whether an ALJ has adequately accounted for those difficulties in assessing the claimant's RFC. The requisite explanation may take several forms, including some combination of: (1) a detailed step three analysis that allows the court to ascertain why the ALJ found moderate difficulties at step three; (2) an RFC assessment that explicitly accounts for those difficulties; or (3) a detailed explanation in support of the RFC assessment that clarifies why the moderate difficulties do not result in any specific limitations in the claimant's RFC. *See e.g., Geisler v. Colvin*, Civil No. SAG-14-2857, ECF No. 19 (D. Md. July 21, 2015). The key is that the reviewing Court must be able to discern the rationale underlying the apparent discrepancy that arises when an ALJ determines at step three that a claimant suffers from moderate difficulties in concentration, persistence, or pace, and then goes on to assess an RFC that does not, on its face, account for such difficulties.

---

[1] Listing 12.05, which pertains to intellectual disability, and Listing 12.09, which pertains to substance addiction disorders, do not follow this structure.

*Dawndra A. Powell v. Commissioner, Social Security Administration*
Civil No. SAG-14-3233
August 6, 2015
Page 3

Viewing this case in context then, no clear error of law has been shown. The remainder of the Commissioner's motion simply re-argues the merits of the case, which is not the appropriate inquiry in a Motion to Alter or Amend Judgment under Rule 59(e).  *See Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).   In its previous decision, the Court determined that the explanation offered by the ALJ in support of his determination that Ms. Powell suffered moderate difficulties in concentration, persistence, and pace was insufficient to permit the Court to evaluate whether the ALJ adequately accounted for those difficulties in the RFC assessment.[2]  Accordingly, the Court appropriately applied *Mascio* to this case.

Because the Commissioner has not identified an intervening change in controlling law, new evidence, or the need to correct a clear error to prevent manifest injustice, the Commissioner's Motion to Alter or Amend Judgment, [ECF No. 23] is DENIED.  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] Notably, this case is critically distinguishable from *Geisler*, Civil No. SAG-14-2857.  In *Geisler*, although the ALJ's step three finding of moderate difficulties in concentration, persistence, or pace was legally incorrect insofar as it was based on the claimant's difficulties sustaining complex, rather than simple, tasks, the Court was nevertheless able to determine the basis for the step three finding, such that the ALJ's failure to account for the step three finding in the RFC assessment was harmless.  In this case, the Court is unable to identify the basis for the ALJ's step three finding, since the evidence cited in support thereof does not suggest any difficulties in concentration, persistence, or pace.  The Court is thus left to guess as to the basis of the ALJ's "moderate" finding, which prevents it from determining that the apparent inconsistency between the step three and RFC determinations was harmless error.